# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA MULGREW,

    Plaintiff,

        v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY a/k/a/ d/b/a
GEICO GENERAL INSURANCE
COMPANY a/k/a d/b/a GEICO INDEMNITY
COMPANY a/k/a d/b/a GEICO CASUALTY
COMPANY a/k/a d/b/a GEICO INSURANCE
AGENCY a/k/a d/b/a ,

    Defendant.

NO. 3:16-CV-02217

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Motion to Sever and Stay Plaintiff's Bad Faith Claim (Doc. 13) filed by Defendant GEICO General Insurance Company ("Defendant"). Because Defendant fails to satisfy its burden of demonstrating that a severance and stay of Plaintiff's bad faith claim is warranted under the circumstances, I will exercise my discretion and deny Defendant's motion.

### **I. Background**

Plaintiff commenced this action against Defendant in the Court of Common Pleas of Lackawanna County, Pennsylvania on or about October 3, 2016. (*See* Doc. 1, Ex. "A", *generally*). As alleged in the Complaint, Plaintiff, on June 12, 2009, was a passenger in a vehicle driven by Robert Murphy ("Murphy") that was insured by Defendant with underinsured motorist coverage in the amount of $300,000.00. (*See id*. at ¶¶ 3, 5). Murphy's vehicle was struck by a vehicle driven by Merle Wesley ("Wesley"), causing Plaintiff to suffer serious and permanent injuries as a result of the accident. (*See id*. ¶¶ 6-7, 9). Plaintiff resolved her third party claim for the limits of Wesley's insurance policy. (*See id*. at ¶¶ 14-15). Plaintiff contends that despite being entitled to the limits of Murphy's policy, *i.e.*, $300,000.00, GEICO has only made one $40,000.00 settlement offer. (*See id*. at ¶¶ 28-30). As such, Plaintiff asserts claims against Defendant for breach of contract and bad faith.

(*See id.*, *generally*).

Defendant removed the action to this Court on November 2, 2016. (*See* Doc. 1, *generally*). Shortly thereafter, Defendant filed its Answer with Affirmative Defenses. (*See* Doc. 6, *generally*). On May 26, 2017, Defendant filed the instant motion to sever and stay Plaintiff's bad faith claim. (*See* Doc. 13, *generally*). Defendant's motion is fully briefed and ripe for disposition.

## II. Discussion

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Federal Rules of Civil Procedure give district courts broad discretion in deciding whether to sever a case. *See Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013) (citation omitted). Courts consider the same factors in deciding a motion to sever under Rule 21 as they do in resolving a motion to bifurcate under Rule 42(b). *See id*. at 468; *accord White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999) ("A separation pursuant to Rule 42(b) separates elements of the complaint for trial, but all the aspects 'remain[ ] part of one single action which would result in a single judgment.' On the other hand, if claims are severed pursuant to Rule 21 they 'become independent actions with separate judgments entered in each.'"); *Graudins*, 921 F. Supp. 2d at 468 ("Severance pursuant to Rule 21 essentially creates a separate case, the disposition of which is final and appealable. Rule 42(b) does not create a new case, but bifurcates issues or claims within a single case for separate trials. A claim that is bifurcated under this rule is not final and appealable as long as other claims in the case remain unresolved.") .[1] These factors are the "convenience of the parties, avoiding prejudice, and promoting expedition and

---

[1] Defendant's motion, while requesting a severance and stay, also suggests at points that Defendant is seeking to have the bad faith claim bifurcated and stayed. *Accord* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2387 (3d ed. 2008) (observing that the distinction between the procedure authorized by Rule 42(b) and severance under Rule 21 "often is obscured in practice since at times the courts talk of 'separate trial' and 'severance' interchangeably").

2

economy." *Id*. at 468. The party seeking severance bears the burden under Rule 21. *See Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 11-2205, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012) (citation omitted).

In its motion, Defendant argues that severance of the bad faith claim is warranted in order to avoid unfair prejudice "by preventing premature discovery of work-product evidence that is inadmissible and irrelevant to a UIM claim." (Doc. 14, 6). Defendant further contends that allowing discovery to proceed on the breach of contract and bad faith claims at the same time will compromise its ability to defend fully the underinsured motorist claim. (*See id*. at 8). Defendant additionally asserts that it would be prejudiced by evidentiary issues that would arise at trial if a jury hears both claims simultaneously. (*See id*. at 9). Conversely, Defendant argues that severance and stay of the bad faith claim would not prejudice Plaintiff "whatsoever". (*See id*.). Moreover, Defendant represents that severance and stay of the bad faith claim will promote judicial economy and the convenience of the parties. (*See id*. at 9-11). In its reply brief, Defendant asserts that a severance and stay of Plaintiff's bad faith claims is also appropriate here based on Plaintiff's dilatory conduct in litigating the instant claims. (*See* Doc. 27, 2-8).

Defendant's motion will be denied. In this case, both the convenience of the parties and judicial economy weigh against severance. More particularly, if the bad faith claim is severed, Plaintiff would have to bear the costs of two trials and the resolution of both claims would be delayed. *See Graudins*, 921 F. Supp. 2d at 468. Moreover, although Defendant argues that resolution of the breach of contract action will greatly impact and potentially moot the bad faith claim, it is sufficient to note that "litigation on the bad faith claim is not contingent upon the success of the breach of contract claim" and Plaintiff could "simultaneously prevail on a bad faith claim and lose on a UIM claim." *Newhouse v. GEICO Casualty Co.*, No. 17-0477, 2017 WL 4122405, at *3 (M.D. Pa. Sept. 18, 2017) (denying motion to sever and stay the plaintiff's bad faith claim). Likewise, severance would hinder judicial economy by requiring separate cases and separate trials instead of handling these claims in a single action. *See Graudins*, 921 F. Supp. 2d at 468; *see also Griffith v. Allstate Ins. Co.*, 90 F.3d 344, 347 (M.D. Pa. 2014) (denying motion brought pursuant to Rule 42(b) and stating, *inter alia*, "the court fails to see how [bifurcation] is reasonable given the circumstances. Discovery,

3

dispositive motions, pre-trial motions, and trial place a substantial burden on any party. Bifurcation would essentially double the life of this action requiring a second discovery period, more dispositive motions, more pre-trial motions, and a completely separate second trial.").

The potential prejudice to Defendant of litigating the breach of contract and bad faith claims simultaneously does not outweigh the countervailing interests of judicial economy and the prompt resolution of this entire matter. *See id*. Additionally, the potential evidentiary problems identified by Defendant do not provide a sufficient basis for severing the claims in this matter. (*See* Doc. 14, 9). As explained in *Griffith*,

> The Federal Rules of Evidence allow documents and testimony to be entered for narrow purposes. At this point it is premature to determine whether specific pieces of evidence would be admissible wholly or on a limited basis. The best way to make that determination is to keep the matters joined, allow discovery to proceed, and bring both claims to trial as quickly as possible. Any discovery disputes or questions of privilege can be handled through the discovery dispute procedures employed by the court.

*Griffith*, 90 F. Supp. 3d at 348; *see also Newhouse*, 2017 WL 4122405, at *5 ("For the breach of contract claim, however, GEICO would have to provide information concerning how it values an insurance claim regardless of whether the bad faith claim was severed."); *Graudins*, 921 F. Supp. 2d at 469 ("this Court will address those concerns by considering any evidentiary motions made by the parties, as well as by giving appropriate instructions, which 'juries are presumed capable of following.'"). Defendant's proffer of prejudice does not outweigh the interests of convenience and judicial economy, nor does it justify the severance and stay of Plaintiff's bad faith claim.

### III. Conclusion

For the above stated reasons, Defendant's motion to sever and stay Plaintiff's bad faith claim will be denied.

An appropriate order follows.

October 11, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge